Dear Ms. Huckabay:
We are in receipt of your request for an Attorney General's Opinion regarding your duties as Clerk of Court. Your request letter states that your husband is running for Sheriff in an election to be held on April 15, 2000. You have received a letter from a voter requesting that you recuse yourself "from any and all involvement in the upcoming April 15th Red River Parish Sheriff's election". You further state that it is your desire that the election be conducted in a legal manner and therefore, request our opinion on the following questions:
 (1) What is the ability of the Clerk of Court to have someone else serve in your stead on the Board of Supervisors of Elections; and
 (2) Would anything prohibit or limit you from continuing to do your duties and responsibilities as the duly elected Clerk of Court of Red River Parish?
Article V, Section 28 of the 1974 Louisiana Constitution provides for the office of Clerk of Court in each parish of our State, to be elected for a term of four years, with various duties and powers. The Election Code provides that the clerk of court is the chief election officer of the parish, and the clerk performs many duties with respect to elections. (R.S. 18:1 et seq.) The clerk of court serves as a member of the board of election supervisors for the parish, whereas the board "[s]hall supervise the preparation for and the conduct of all elections held in the parish." (R.S. 18:423)
It is our opinion that since the Election Code provides certain affirmative duties of a clerk of court which are mandated by law, any intentional refusal or failure to perform said duties may amount to malfeasance in office in violation of La. R.S. 14:134. This statute provides as follows:
 § 134. Malfeasance in office
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
The request letter from the voter to recuse yourself of your duties as Clerk of Court mentions the potential ethical conflicts herein. You are welcome to seek an opinion from the Board of Ethics, 8401 United Plaza Blvd., Suite 2000, Baton Rouge, LA 70809, (225) 922-1400, with regard to this matter. However, we do not know of any law which requires and/or allows a public official to "recuse" himself from performing his official duties in office.
As a member of the Parish Board of Elections Supervisors, we are aware of the fact that you, along with a possible total of four other members, supervise and count the absentee ballots on Election Day. This procedure may involve a possible vote by the board members if an absentee ballot is challenged. In that instance, you as a board member would have I out of a possible total of five votes (if all five members of the board are present), and a majority vote determines the issue. Although we cannot render an opinion on an ethics issue, we enclose herein for your information and review a copy of La. R.S. 42:1120. This statute allows an elected official to recuse himself from voting or to prepare and file a statement with the public body and the ethics body as to the nature of the (potential) conflict, and the reasons why, despite the conflict, the elected official is able to cast a vote that is fair, objective, and in the public interest.
We hope this information is helpful, but again, we must direct you to the Ethics Board for an official opinion addressing your specific facts and questions. In sum, we are of the opinion that you are required by law to perform your duties as Clerk of Court in the upcoming election, regardless of the fact that your husband is running for office at the election. Otherwise, you may subject yourself to a possible charge of malfeasance in office.
If we can be of further assistance, please advise.
Yours very truly,
RICHARD P. IEYOUB
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr
Enclosure